**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4317**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROCHARD A. BAKER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-04-243)

───────────

Submitted: July 26, 2006          Decided: August 8, 2006

───────────

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Diana H. Cap, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rochard Baker appeals his 110-month prison sentence imposed after his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2001). Finding no error, we affirm.

As a threshold issue, the Government claims that this court lacks jurisdiction under 18 U.S.C. § 3742(a) (2000) to review Baker's claim because his sentence fell within the advisory guidelines range. That argument is foreclosed by our recent decision in United States v. Montes-Pineda, 445 F.3d 375, 377 (4th Cir. 2006), where we found jurisdiction under § 3742 to review a sentence within the advisory guidelines range for reasonableness.

Baker claims that his sentence, while within the advisory guidelines range, was unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

The district court properly calculated the guideline range of 110-120 months in prison. As Baker's sentence is within the properly calculated guideline range, it is presumptively

reasonable.  <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).  Moreover, it is clear from the record that the sentencing court also weighed the sentencing factors listed in § 3553(a) and took counsel's arguments under consideration.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>